UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA WADE CURRAN (#526873)

VERSUS                                                           CIVIL ACTION

CATHERINE JOHNSON, ET AL                         NUMBER 10-526-BAJ-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 7, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA WADE CURRAN (#526873)

VERSUS                                                    CIVIL ACTION

CATHERINE JOHNSON, ET AL                    NUMBER 10-526-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Claiborne Parish Detention Center, Homer, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Catherine Johnson, Cody Johnson, Naomi Gould, Baton Rouge Police officer James B. McCay, Baton Rouge Police Sgt. P. Griffin, Nineteenth Judicial District Court Judge Bonnie Jackson, East Baton Rouge Parish Assistant District Attorney Sue Bernie, Assistant District Attorney Stephen Pugh and attorney Stephen Sterling.  Plaintiff alleged that he was denied effective assistance of counsel, there was insufficient evidence to support his conviction and a co-defendant received a more lenient sentence.  Plaintiff sought release from custody and an award of money damages.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts

which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, judicial immunity is a question of law which must be determined on the facts of each case. *Brewer v. Blackwell,* 692 F.2d 387, 390-391 (5th Cir. 1982). A judge is immune from suit for damages resulting from an act performed in his judicial role. The immunity shields the judge unless he acts in the clear absence of all jurisdiction over the subject matter, or in a non-judicial capacity. *Brewer v. Blackwell, supra*, at p. 396. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 999 (1984). The immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989) (citing cases).

The Fifth Circuit Court of Appeals established in *Brewer, supra*, a four-part test to determine whether an act is sufficiently judicial to warrant immunity. Applying that test here, it is clear that Judge Jackson is shielded by absolute immunity and should be dismissed as a defendant in this action.

Second, the plaintiff's claims must initially be pursued through habeas corpus since he challenges the validity of his conviction and the resolution of his claim may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987); *Clark v. Williams*, 693 F.2d 381 (5th Cir. 1982).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that his constitutional rights were violated during his criminal trial, he has no damages claim cognizable under 42 U.S.C. § 1983. *See, Heck v.*

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's complaint calls into question the lawfulness of his confinement. Plaintiff failed to show that he has successfully challenged his conviction, sentence or confinement in any other proceeding. Plaintiff did not allege and offered no evidence showing that his conviction has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time against any defendant. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the conviction has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law and the complaint is against a defendant who is entitled to immunity, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Signed in Baton Rouge, Louisiana, on September 7, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**